# EXHIBIT D

1  LOUIS P. FEUCHTBAUM (SBN: 219826)
   *Email: lfeuchtbaum@sideman.com*
2  SIDEMAN & BANCROFT LLP
   One Embarcadero Center, Twenty-Second Floor
3  San Francisco, California 94111-3711
   Telephone:   (415) 392-1960
4  Facsimile:    (415) 392-0827

5

6  Attorneys for Victim RONG XIN LIAO

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **COUNTY OF SAN FRANCISCO**

11

12  THE PEOPLE OF THE STATE OF            Case No. 20002697
    CALIFORNIA,
13                                        **EX PARTE APPLICATION SEEKING AN**
                                          **ORDER TO PRESERVE VICTIM'S**
14              Plaintiff,                **RIGHTS, PURSUANT TO CAL.**
                                          **CONSTITUTION, ART. I, SECTION 28;**
15       v.                               **MEMORANDUM OF POINTS AND**
                                          **AUTHORITIES IN SUPPORT;**
16  ERIC RAMOS-HERNANDEZ,                 **[PROPOSED] ORDER**

17              Defendant.
                                          Date:    April 28, 2021
18                                        Time:    9:00 a.m.
                                          Dept.:   15
19                                        Judge:   Honorable Charles Crompton

20

21

22       RONG XIN LIAO, the victim of the attack that gives rise to this prosecution, hereby

23  applies through counsel, *ex parte*, for an order that will address apparent violations of his rights, as

24  are guaranteed to crime victims under the California Constitution.  As described herein, the

25  District Attorney's Office failed to preserve various of Mr. Liao's rights to be informed, consulted,

26  and heard before Court granted this Defendant's application for pre-trial diversion.  This Ex Parte

27  Application is based upon the attached Memorandum of Points and Authorities, and the

28  concurrently filed Declaration of Louis P. Feuchtbaum In Support Of Ex Parte Application

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   ("Feuchtbaum Decl.").

2                              **EX PARTE APPLICATION**

3          This application is made under authority pursuant to California Rules of Court ("CRC")

4   3.1200, *et seq.* and upon the inherent powers of the courts to adopt any suitable method of practice

5   or special proceedings to ensure the orderly administration of justice.  *See Citizens Utilities Co. v.*

6   *Superior Court* 59 Cal.2d 805, 812–813 (1963); *In re Amber S.*, 15 Cal. App. 4th 1260, 1264

7   (1993).

8          In accordance with CRC 3.1201 through 3.1203, the following information is provided in

9   support of this matter being considered by *ex parte* application:

10         (1)    The attorneys of record in this action are: the District Attorney for San Francisco

11  County through his deputy, Kim Lutes-Koths, and; the San Francisco Public Defender through its

12  deputy, Sylvia Cediel.

13         (2)    There have been no previous applications for the relief sought herein.

14         (3)    The relief sought must be made through an *ex parte* application because the victim could

15  otherwise be subject to suffering irreparable harm if this matter were addressed through a normally noticed

16  motion.  To wit:

17         (a)    The victim is guaranteed rights under the California Constitution, Art. I, Section 28

18  ("Marsy's Law") that have not been preserved in this case.  Feuchtbaum Decl., ¶¶ 2, 4.  Unbeknownst to

19  the victim until two weeks ago, the Defendant had previously been approved for pre-trial diversion,

20  pursuant to Cal Penal Code § 1001.36.  *Id.* at ¶ 2.  The District Attorney never informed the victim of the

21  hearing at which pre-trial diversion was being considered, and the victim was deprived of his right to

22  appear and be heard at that hearing.  *Id.*  It appears that the District Attorney also misrepresented the

23  victim's wishes regarding the need for this Defendant to be prosecuted at the time that the application for

24  diversion was made.  *Id.*

25         (b)    Since agreeing to represent the victim approximately one week ago, undersigned

26  counsel has been unable to a copy of the public court filings from the Clerk's Office due to that office's

27  reduced operations.  Feuchtbaum Decl., ¶ 5.  The District Attorney's Office has refused counsel's several

28  requests that it provide information sufficient to determine whether it might have misrepresented the

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   victim's wishes when the Court considered Defendant's application for diversion; whether its decision to

2   not oppose the application for pre-trial diversion was influenced by its incorrect belief that the victim did

3   not want Defendant prosecuted, and; it refused to provide information sufficient for counsel to identify

4   whether the present hearing may conclude an issue that would foreclose the victim ever being able to assert

5   his rights in this matter.  *Id.*

6            (c)     The victim may be forever deprived of his rights, and his ability to have his wishes

7   considered by the Court, absent immediate redress, prior to any further orders being entered in this case.

8          (4)     Counsel timely notified the parties of this *ex parte* application by providing written or

9   telephonic notice to their counsels' offices before 10:00 a.m. on the court day preceding this appearance, in

10   accordance with the requirements of CRC 3.1203.  Feuchtbaum Decl., ¶¶ 6-7.

11          To remedy the issues raised in this application, the victim respectfully requests that the Court enter

12   an Order that will: (1) schedule a hearing at which the Court will reconsider its decision to grant pre-

13   trial diversion after the victim is heard regarding that issue; (2) issue an order directing the District

14   Attorney to comply with his obligations to the victim under Marsy's Law, and; (3) to issue an

15   order directing the District Attorney to produce to the victim copies of all publicly filed documents

16   in this case.

17   DATED: April 27, 2021              SIDEMAN & BANCROFT LLP

18

19                          By: _____

20                             LOUIS P. FEUCHTBAUM

21                             Attorneys for Victim RONG XIN LIAO

22                **MEMORANDUM OF POINTS AND AUTHORITIES**

23   **I.    INTRODUCTION**

24          During February 2020, RONG XIN LIAO, who is presently 84 years-old, was viciously

25   attacked.[1]  Defendant Ramos-Hernandez was charged with committing the crimes that severely

26   _____

27   [1]   A video of that attack has been posted to Twitter and may be viewed through the following

28   link: https://twitter.com/i/status/1377311956219043840

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   harmed Mr. Liao, which are now pending before this Court in the above-captioned matter.

2          The assailant fractured Mr. Liao's skull, and broke Mr. Liao's collar bone.  Feuchtbaum

3   Decl., ¶ 3.  Mr. Liao was hospitalized for treatment of these injuries.  *Id.*  In addition to suffering

4   extreme physical pain, Mr. Liao has been emotionally traumatized in the over one year period

5   since the attack.  He remains fearful that this will happen again and is afraid to go outside.  *Id.*  He

6   has also been anguished because of the lengthy time that has transpired without the case being

7   brought to trial.  *Id.*  And, on April 14, 2021, Mr. Liao was further traumatized when he learned

8   for the first time that the assailant may never be prosecuted because Defendant has been granted

9   the benefit of pre-trial diversion, pursuant to Cal. Penal Code 1001.36, which it appears the

10  District Attorney did not oppose.[2]  Feuchtbaum Decl., ¶ 5, Exhibit ("Exh.") A, p. 8.  Given the

11  spate of violent attacks on the Asian communities, Mr. Liao is worried that the District Attorney's

12  apparent reluctance to prosecute will only encourage further violence that continues to threaten the

13  security of him and others.  Feuchtbaum Decl., ¶ 3.

14         In an attempt to determine: the procedural posture of the case, whether the District

15  Attorney protected Mr. Liao's rights as required, whether Mr. Liao had any remedies for

16  violations of his rights, and whether Mr. Liao's views on the prosecution of Defendant were

17  misrepresented to the Court, Counsel repeatedly requested that the District Attorney provide a

18  copy of all publicly filed documents that are part of the Court file.  *See, generally,* Feuchtbaum

19  Decl., Exh. A.  In an apparent roving search for excuses to refrain from providing substantive

20  information for Mr. Liao and his family, the District Attorney's Office replied that it could not get

21  those files because, like counsel, it would be hindered by the reduced services of the Clerk's

22  office.  Feuchtbaum Decl., Exh. A, p. 10.  After being asked for a copy of the public documents

23  _____

24  [2]  The District Attorney has refused to provide details regarding any decision to allow pre-trial
    diversion of this case that could allow counsel to advise Mr. Liao.  Nor has it provided any details
25  regarding the substance of its communications with Mr. Liao, other than to claim that it contacted
    him on eleven different occasions.  Feuchtbaum Decl., Exh. A, p. 7.  As best can be discerned
26  from the scant information provided, it seems that Defendant was accepted into the diversion
    program sometime late last summer without meaningful communications to the victim.  It is
27  unclear why neither Mr. Liao nor his family were informed of diversion until only 2 weeks ago.
    Feuchtbaum Decl., Exh. A, p. 8.

28

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    that existed in the prosecutor's file, which would not require services of the Clerk's office, the

2    District Attorney then said that he could not produce publicly filed documents without Mr. Liao

3    signing a release, even though that release does not address the District Attorney's right to

4    disseminate publicly available information.  Feuchtbaum Decl., Exh. A, pp. 7-9.  After counsel

5    provided a release signed by Mr. Liao, the District Attorney's Office then said that it needed to

6    have anything it would produce reviewed by the City Attorney before providing copies to counsel.

7    Feuchtbaum Decl., Exh. A, p. 7.  Counsel reiterated that he only sought public documents that are

8    not privileged or subject to legal protections so he could properly advise Mr. Liao of his rights.  *Id.*

9    The District Attorney then ceased responding to these requests.

10          The District Attorney apparently misrepresented Mr. Liao's wishes regarding punishment

11   of the Defendant to the Court to inaccurately indicate that Mr. Liao "was supportive of the mental

12   health diversion."  Feuchtbaum Decl., ¶¶ 2, 5, Exh. A, p. 14.

13   **II.      ARGUMENT**

14          Every person who suffers as the victim of a crime in California is guaranteed by the state

15   Constitution certain rights.  Among these are:

16   •    Being provided with reasonable notice of all public proceedings (Cal. Const. Article I,

17        § 28(b)(7));

18   •    Being provided with reasonable notice and an opportunity to confer with the prosecutor

19        before any pre-trial resolution of the case (Cal. Const. Article I, § 28(b)(6)), and;

20   •    A right to be heard at any proceeding involving a post-arrest release decision, or any other

21        proceeding where a right of the victim is at issue.  (Cal. Const. Article I, § 28(b)(8)).

22          The District Attorney violated Mr. Liao's rights by failing to keep him informed of the

23   proceedings, thus depriving him of the right to confer with the prosecutor regarding case

24   resolution and of the right to be heard in Court.

25          The Court's decision to allow pre-trial diversion for Defendant was tainted by defects

26   arising from the District Attorney's apparent disregard for Mr. Liao's Constitutional rights.  Mr.

27   Liao was deprived of the opportunity to have his wishes considered by the Court.  Further, the

28   District Attorney appears to have misrepresented to the Court what Mr. Liao's wishes were,

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   inviting the Court's reliance upon a falsehood in granting diversion.  The only manner by which

2   these harms may be cured would be for the Court to issue an order that would rescind Defendant's

3   participation in the pre-trial diversion program until such time that the matter may be

4   reconsidered, after Mr. Liao is provided an opportunity to be heard.

5         Finally, the District Attorney's failure to keep Mr. Liao informed of the case status has

6   expanded to his communications with Mr. Liao's counsel by refusing to substantively respond to

7   many of counsel's relevant inquiries, and by refusing to provide copies of relevant public files that

8   are in the District Attorney's possession, and which counsel is otherwise unable to obtain.  Given

9   the District Attorney's earlier failures of communication, Mr. Liao's access to the publicly filed

10  documents, which it appears only the District Attorney is presently able to provide, is necessary to

11  remedy those earlier failures.

12  **III.   CONCLUSION**

13        For all of the forgoing reasons, and any others that this Court may consider just, RONG

14  XIN LAIO respectfully requests that this Court enter an Order that would:

15        (1)   Set a hearing for reconsideration of Defendant's participation in pre-trial diversion;

16        (2)   Prior to that hearing, require the District Attorney to provide Mr. Liao with copies

17  of all public documents that are in its possession regarding this case, and;

18        (3)   Order the District Attorney to comply with its obligations to Mr. Liao under

19  Marsy's Law.

20  DATED: April 27, 2021              SIDEMAN & BANCROFT LLP

21

22                                     By: _____

23                                         LOUIS P. FEUCHTBAUM
                                           Attorneys for Victim RONG XIN LIAO
24

25

26

27

28

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**[PROPOSED] ORDER**

For good cause shown, the Court enters the following ORDER:

(1)     On _____, this Court shall conduct a Hearing For Reconsideration of Defendant's participation in pre-trial diversion.  The victim RONG XIN LIAO will be provided an opportunity to address the Court at that hearing, prior to the Court's determination of whether to allow Defendant's participation in any diversion program.  A Cantonese translator will be provided for Mr. Liao at that hearing, and at any other proceedings in this matter that Mr. Liao attends, provided that adequate notice is first given to the Court.

(2)     No later than two weeks preceding the Hearing For Reconsideration, the District Attorney shall produce to counsel for Mr. Liao copies of all public documents relating to this case that are in its file.

(3)     The District Attorney is hereby ordered to comply with all of its obligations to Mr. Liao under Marsy's Law.


Date: _____

_____
The Honorable Charles Crompton

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  LOUIS P. FEUCHTBAUM (State Bar No. 219826)
   *Email: lfeuchtbaum@sideman.com*
2  SIDEMAN & BANCROFT LLP
   One Embarcadero Center, Twenty-Second Floor
3  San Francisco, California 94111-3711
   Telephone:    (415) 392-1960
4  Facsimile:    (415) 392-0827
5
   Attorneys for Victim RONG XIN LIAO
6
7
8
9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10                    **COUNTY OF SAN FRANCISCO**
11

| | |
|---|---|
| 12  THE PEOPLE OF THE STATE OF CALIFORNIA, | Case No. 20002697 |
| 13 | DECLARATION OF LOUIS P. |
|     Plaintiff, | FEUCHTBAUM IN SUPPORT OF EX |
| 14 | PARTE APPLICATION |
|     v. | |
| 15 | Date:    April 28, 2021 |
| 16  ERIC RAMOS-HERNANDEZ, | Time:    9:00 a.m. |
| | Dept.:   15 |
| 17     Defendant. | Judge:   Honorable Charles Crompton |
| 18 | |

19                        **DECLARATION**

20      I, LOUIS P. FEUCHTBAUM, hereby declare:

21      I am an attorney-at-law, admitted to practice in all Courts of the State of California, and I

22  am a partner at the law firm of Sideman & Bancroft, LLP.  I represent Rong Xin Liao, the victim

23  of the crimes that are at issue in the above-captioned case.  All information stated herein is known

24  personally by me, unless stated otherwise:

25      1.      Mr. Liao is an 84-year old man who does not speak English.  All information

26  represented in this declaration to be from Mr. Liao has been translated for me through Jack Liao,

27  Mr. Liao's grandson.

28      2.      I am informed that prior to April 14, 2021, neither Mr. Liao nor his family had been

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1 informed that the District Attorney's Office would not be prosecuting the Defendant, subject to

2 pretrial diversion in accordance with Penal Code § 1001.36.  Mr. Liao states that he was never

3 informed of this prior to April 14, 2021, nor was he ever informed of his right to be heard at a

4 proceeding regarding the post-arrest release of the defendant.  Had he been informed, Mr. Liao

5 would have asserted any right that he has to be heard at the hearing when Defendant's application

6 for diversion was considered.  Based upon a statement made by the District Attorney's Office to

7 Jack Liao on April 14, 2021, Mr. Liao is concerned that his belief regarding the need for full

8 prosecution of this Defendant was misrepresented by the District Attorney to this Court at the time

9 when the Court decided to allow pre-trial diversion of this matter.  Mr. Liao is adamant that the

10 defendant must be prosecuted to set an example that violent crimes targeting the Asian

11 communities will not be tolerated, and that there are severe consequences for anyone who does

12 this.  Mr. Liao is certain that he expressed this to the District Attorney's representatives.

13     3.    I am informed that Mr. Liao was severely injured in the attack that gives rise to this

14 prosecution.  He suffered a fractured skull and a broken collar bone for which he had to be

15 hospitalized.  He remains fearful that this will happen again and is afraid to go outside.  He is

16 angry about how this case has been handled and how long it has been pending without Defendant

17 being brought to trial.  He fears that others in his community will continue to be victimized until

18 these crimes are fully prosecuted by the District Attorney.

19     4.    Mr. Liao would like an opportunity to be heard in Court regarding his injuries, how

20 this crime has affected him and others in the community, and on the importance of a full

21 prosecution of defendant to deter others from committing these types of crimes.

22     5.    Based upon Mr. Liao's description of how this case has been handled, it appears

23 that his rights under Marsy's Law, Cal. Const., Art. I, § 28, were not protected by the District

24 Attorney's Office.  Further, since agreeing to represent Mr. Liao about a week ago, I have been

25 unable to obtain a copy of the publicly available court file to determine the status of this case for

26 myself, due to reduced operations of the Court Clerk's Office.  I asked the District Attorney's

27 Office to provide a copy of the public filings, but the District Attorney has refused to do so.  I

28 have also asked the District Attorney's Office to inform me of the following things, which could

1  help me determine whether the Court's decisions to approve the application for pre-trial diversion

2  might have been the result of Mr. Liao's rights being violated:

3      a.  Whether the District Attorney opposed the application for diversion, and if

4          it did not oppose the application, whether that decision was based upon a

5          mistaken belief that Mr. Liao did not believe that prosecution was

6          necessary;

7      b.  Whether the District Attorney misrepresented to the Court Mr. Liao's

8          wishes that the defendant be prosecuted;

9      c.  Whether Mr. Liao was provided reasonable notice of all public proceedings,

10         and;

11     d.  Whether the District Attorney ensured that Mr. Liao was provided with

12         reasonable notice and an opportunity to confer with the prosecutor before

13         the office agreed to pre-trial diversion.

14  Despite numerous written exchanges, and for reasons that are unknown to me, the District

15  Attorney has declined to provide any of the above-requested information.  True and correct copies

16  of all correspondence I have had with the District Attorney's Office regarding these issues are

17  attached hereto as Exhibit A.

18      6.      On April 26, 2021 at 6:30 p.m., I contacted the District Attorney's Office via email

19  to request the names and contact information for counsel in this case so I could provide notice of

20  my intent to appear in this matter, *ex parte*.  Having not heard back from that office by this

21  morning, on April 27, 2021 at 9:31 a.m., I notified the District Attorney's Office via email of this

22  *ex parte* appearance.  True and correct copies of that correspondence are attached hereto as Exhibit

23  B.  At 9:34 a.m. I called the main telephone number for the San Francisco Public Defender's

24  Office to provide notice of this *ex parte* application, on the assumption that Defendant may be

25  represented by a Public Defender.  I left a voicemail that indicated, the case name and number; my

26  name, law firm, and telephone number, and; that I would be appearing *ex parte* in Department 15,

27  on April 28, 2021 at 9:00 a.m.  I described that I would be asking the court to: reconsider

28  Defendant's diversion until after the victim may be heard; issue an order directing the District

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   Attorney to comply with his obligations to the victim under Marsy's Law, and; to issue an order

2   directing the District Attorney to produce to the victim copies of all publicly filed documents in

3   this case.

4         7.      At 9:56 a.m., only four minutes prior to the time by which I am required to provide

5   notice to counsel of an *ex parte* application, the District Attorney's Office responded to my email

6   by providing only the names of counsel without any contact information.  *See* Exhibit B.

7   However, that communication did confirm that Defendant is represented by the Public Defender's

8   Office.  *Id.*

9         Signed by me on this 27th day of April, 2021, subject to penalty of perjury under the laws

10  of the State of California.

11

12

13  _____
    LOUIS P. FEUCHTBAUM

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:  (415) 392-1960
Facsimile:  (415) 392-0827

**Louis P. Feuchtbaum**
lfeuchtbaum@sideman.com
(415) 733-3905

April 19, 2021

<u>**VIA E-MAIL**</u>

Peter K. Huynh
Deputy District Attorney
San Francisco District Attorney's Office
350 Rhode Island Street
North Building, Suite 400N
San Francisco, CA 94103
E-Mail: peter.k.huynh@sfgov.org

Re:    <u>Prosecution of Rong Xin Liao's Attacker</u>

Dear Mr. Hunyh:

I am representing Rong Xin Liao and his family to ensure that Mr. Liao's rights under Marsy's Law are protected through your office's prosecution of his attacker, Eric Ramos-Hernandez.  I understand that the District Attorney would like a meeting with Mr. Liao and his family.  However, it is unclear to me what the purpose for this meeting would be.  I understand that the District Attorney has already decided to not prosecute the defendant, without ever consulting Mr. Liao or the family, and that your office also misrepresented to the Court Mr. Liao's wishes regarding this prosecution.

From the scant information that has been provided to the family, it appears that your office is seeking to defer prosecution of defendant Ramos-Hernandez pursuant to Penal Code § 1001.36, and that the next hearing is set for April 28, 2021.  I would appreciate any additional information you are able to provide, including:

1-    Information regarding the procedural posture of this matter.  At the next hearing, will the District Attorney be moving for this matter to be diverted, or has that already happened?  What is the case next on calendar for?  Upon what evidence is the District Attorney relying to conclude that this defendant suffers from a diagnosable mental disorder that was a significant factor in his commission of the charged offenses?  Has the District Attorney had an independent evaluation done of this defendant's mental state to examine the veracity of any submissions that might have been made by the defense?

Peter K. Huynh
April 19, 2021
Page 2

2-      I understand that the District Attorney has represented to the Court that it is Mr.
Liao's wish only that defendant Ramos-Hernandez obtain any mental health treatment he needs.
However, that would be contrary to Mr. Liao's true desire.  Mr. Liao has been traumatized by the
brutal attack that defendant Ramos-Hernandez committed, and he continues to suffer from his
injuries.  Mr. Liao believes not only that justice demands punishment of this defendant, but also
that the violence being repeatedly directed at San Francisco's Asian community demands an
aggressive prosecution to help deter these senseless crimes that have left so many feeling
vulnerable.  Has your office had any discussions with Mr. Liao or members of his family that
have caused you to believe any of them wish for defendant Ramos-Hernandez to avoid
prosecution?

3-      It is my understanding that after initial perfunctory communications about the
arrest of defendant Ramos-Hernandez, the District Attorney has not informed either Mr. Liao or
his family of the status of this case, nor that the office either did not seek or was unable to get
pre-trial confinement of defendant Ramos-Hernandez, nor that it was seeking diversion for
prosecution of this crime, nor of the relevant court dates until this past week.  Has your office
had other communications with Mr. Liao or his family?  What has it done to ensure that Mr. Liao
or other members of the community would not be victimized from further attacks by this
defendant?

It would be most helpful if your office would provide me with a copy of the publicly
available court file.  Reduced court services due to COVID restrictions have made it impossible
for me to obtain the file directly from the Clerk's Office.  I would like to review the filings so I
may have a better understanding of the case in order to advise Mr. Liao and his family.

I would appreciate the courtesy of your prompt reply.  I am at a loss to understand how a
prosecutor would not act to aggressively protect a community that has come under persistent
attacks, or why he would allow a defendant to walk away unscathed after having a committed a
horrible crime that causes continued suffering for its eighty-four year old victim.

Sincerely,

Louis P. Feuchtbaum

99998-8172\4714700v1

Exhibit A, p. 02

**Feuchtbaum, Louis P.**

| | |
|---|---|
| **From:** | Feuchtbaum, Louis P. |
| **Sent:** | Tuesday, April 20, 2021 9:58 AM |
| **To:** | 'Huynh, Peter (DAT)' |
| **Subject:** | RE: Letter Regarding Victim's Concerns Regarding Prosecution of Eric Ramos Hernandez |

Thank you, Peter.  I look forward to hearing from your office.  Would you be able to have a copy of the public filings sent to me?  Given that the hearing is next week, I am pressed for time in being able to determine the state of things.

Warm regards,
-Lou

---

**From:** Huynh, Peter (DAT) [mailto:peter.k.huynh@sfgov.org]
**Sent:** Tuesday, April 20, 2021 8:11 AM
**To:** Feuchtbaum, Louis P.
**Subject:** [EXTERNAL] Re: Letter Regarding Victim's Concerns Regarding Prosecution of Eric Ramos Hernandez

Dear Mr. Feuchtbaum,

I wanted to let you know that I received your letter.  I am not an attorney, but the Victim Advocate assigned to Mr. Liao's case and who has spoken to him several times.  I wanted to let you know that I forwarded your email up the chain to make sure someone sends you a response as soon as possible.

Thank you,
Peter

---

Best regards,

**Peter K Huynh (黃生)**
Pronouns: he/him/his
Victim Witness Advocate
Office of the District Attorney
Victim Services Division
City & County of San Francisco
350 Rhode Island Street
North Building, Suite 400N
San Francisco, CA 94103
Phone: (415) 537-0503
E-mail: peter.k.huynh@sfgov.org

**\*As of March 17th, the Victim Witness Court Check in and Main Lounge will be closed due to preventative measures for COVID-19.** Please note: I am working remotely and will return your email in a timely manner. If you have questions regarding case assignments please contact victimservices@sfgov.org or 628-652-4100.

Exhibit A, p. 03

DISCLAIMER:
The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited.  If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

---

**From:** Feuchtbaum, Louis P. <lfeuchtbaum@sideman.com>
**Sent:** Monday, April 19, 2021 3:25 PM
**To:** Huynh, Peter (DAT) <peter.k.huynh@sfgov.org>
**Subject:** Letter Regarding Victim's Concerns Regarding Prosecution of Eric Ramos Hernandez

> This message is from outside the City email system. Do not open links or attachments from untrusted sources.

Dear Mr. Huynh,

I am the attorney representing Rong Xin Liao and his family.  I hope that your office will provide information, as described in the attached letter.

-Lou



**Louis P. Feuchtbaum**
Partner

**Sideman & Bancroft LLP**
One Embarcadero Center
Twenty-Second Floor
San Francisco, CA 94111
Main:415.392.1960
Fax:  415.392.0827
lfeuchtbaum@sideman.com
Visit us at www.sideman.com
Please consider the environment before you print this email.
*****************************************************************
CONFIDENTIALITY
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail [or at (415) 392-1960] and delete all copies of this message. It is the recipient's responsibility to scan this e-mail and any attachments for viruses.

Exhibit A, p. 04

**Feuchtbaum, Louis P.**

| | |
|---|---|
| **From:** | Feuchtbaum, Louis P. |
| **Sent:** | Wednesday, April 21, 2021 9:58 AM |
| **To:** | 'Huynh, Peter (DAT)' |
| **Subject:** | RE: Letter Regarding Victim's Concerns Regarding Prosecution of Eric Ramos Hernandez |

Thank you.  Please be mindful of the fact that next week's hearing does not allow very much time for me to learn where things stand and determine whether I will need to seek court action.

**From:** Huynh, Peter (DAT) [mailto:peter.k.huynh@sfgov.org]
**Sent:** Wednesday, April 21, 2021 9:52 AM
**To:** Feuchtbaum, Louis P.
**Subject:** [EXTERNAL] Re: Letter Regarding Victim's Concerns Regarding Prosecution of Eric Ramos Hernandez

Dear Mr. Feuchtbaum,

Our office is still working on the responses and will get it to you as soon as possible. Once it has been provided to you, I can contact you to reschedule our meeting.

Best regards,

**Peter K Huynh (黃生)**
Pronouns: he/him/his
Victim Witness Advocate
Office of the District Attorney
Victim Services Division
City & County of San Francisco
350 Rhode Island Street
North Building, Suite 400N
San Francisco, CA 94103
Phone: (415) 537-0503
E-mail: peter.k.huynh@sfgov.org

**\*As of March 17th, the Victim Witness Court Check in and Main Lounge will be closed due to preventative measures for COVID-19.** Please note: I am working remotely and will return your email in a timely manner. If you have questions regarding case assignments please contact victimservices@sfgov.org or 628-652-4100.

DISCLAIMER:
The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited.  If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

Exhibit A, p. 05

**From:** Feuchtbaum, Louis P. <lfeuchtbaum@sideman.com>
**Sent:** Monday, April 19, 2021 3:25 PM
**To:** Huynh, Peter (DAT) <peter.k.huynh@sfgov.org>
**Subject:** Letter Regarding Victim's Concerns Regarding Prosecution of Eric Ramos Hernandez

> This message is from outside the City email system. Do not open links or attachments from untrusted sources.

Dear Mr. Huynh,

I am the attorney representing Rong Xin Liao and his family.  I hope that your office will provide information, as described in the attached letter.

-Lou



**Louis P. Feuchtbaum**
Partner

**Sideman & Bancroft LLP**
One Embarcadero Center
Twenty-Second Floor
San Francisco, CA 94111
Main:415.392.1960
Fax:  415.392.0827
lfeuchtbaum@sideman.com
Visit us at www.sideman.com
Please consider the environment before you print this email.
*************************************************************
CONFIDENTIALITY
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail [or at (415) 392-1960] and delete all copies of this message. It is the recipient's responsibility to scan this e-mail and any attachments for viruses.

Exhibit A, p. 06

**Feuchtbaum, Louis P.**

| | |
|---|---|
| **From:** | Feuchtbaum, Louis P. |
| **Sent:** | Friday, April 23, 2021 4:08 PM |
| **To:** | 'Campos, David (DAT)' |
| **Cc:** | Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT) |
| **Subject:** | RE: Response to your letter re: People v. Ramos-Hernandez |

If you would, please just share those items that were publicly filed.  They are available as public records.  I am not requesting internal correspondence about the case, nor the DDA's notes, nor information about the defendant that is not public.  There is no legal reason that the public filings cannot be provided as they are normally available to the public.

Your prompt compliance with this would be helpful, could avoid my unnecessarily having to impose upon the court's time, and it would just be the decent thing to do for Mr. Liao and his family.  It is unclear to me why your office persists in stonewalling providing copies of public records that are in its possession.

**From:** Campos, David (DAT) [mailto:david.campos@sfgov.org]
**Sent:** Friday, April 23, 2021 4:02 PM
**To:** Feuchtbaum, Louis P.
**Cc:** Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT)
**Subject:** [EXTERNAL] Re: Response to your letter re: People v. Ramos-Hernandez


Dear Mr. Feuchtbaum,

Thank you for sharing the signed release of Mr. Liao with us.  As a result, we can share that our experienced Victim Services Advocate spoke directly with Mr. Liao eleven times and attempted contact two additional times.

Determining what else we can disclose from our file requires us to conduct a careful review, in consultation with the City Attorney, as there are numerous legal and ethical issues that may be implicated by our release of information in our file regarding this pending criminal case—including but not limited to California Penal Code § 13102 (California Offender Record Information law –also known as CORI), attorney work product privilege, HIPAA, and state privacy laws.

We will contact you when we have an update.

Thank you,

David Campos

Sent from my iPhone


On Apr 23, 2021, at 10:09 AM, Feuchtbaum, Louis P. <lfeuchtbaum@sideman.com> wrote:

Exhibit A, p. 07

Dear Mr. Campos,

I have attached a copy of the Release, signed by Mr. Liao.  I trust that this will clear up any concerns you've expressed regarding your ability to share information with me and Mr. Liao's family.

---

**From:** Feuchtbaum, Louis P.
**Sent:** Thursday, April 22, 2021 8:56 PM
**To:** 'Campos, David (DAT)'
**Cc:** Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT)
**Subject:** RE: Response to your letter re: People v. Ramos-Hernandez

Mr. Campos,

I remain concerned with your office's drip process method for keeping a victim, and now his attorney, informed of the case status.  My letter to Mr. Huynh requested key information about the case status because the family was not kept informed and was unable to tell me anything more than the bare rudimentary facts regarding the prosecution of Mr. Liao's attacker.  In fact, Mr. Liao and his family learned only this past week that the defendant was not being prosecuted, and that his case was instead being handled through a diversion program.  Your office's failure to keep the family informed was so complete that they showed up in court on April 14th, believing that the trial was beginning on that date.  When they appeared in the courtroom, no one from your office would speak with them, causing Mr. Liao's grandson to go to the clerk's office in an attempt to find someone who could let them know what was going on.

After my repeated communications with your office, I learned from you just yesterday afternoon that the judge has already granted defense counsel's request for diversion in accordance with PC 1001.36 (and I surmise from the 7 month period of pretrial confinement you mentioned, that this decision was made sometime late last summer—but still the family had not been informed of it until now).  After my repeated requests for information on the case status, I continue to be drip-fed information, learning just this afternoon the purpose for next week's court appearance, with your office still refusing to provide me with copies of the public court filings, which are not available to me through other means.  Remaining unanswered are the following questions that are material to determining the extent to which Mr. Liao's rights under Marsy's Law might have been violated, and to advising Mr. Liao whether he should seek to be heard in court regarding the possible misrepresentations by your office to the court about Mr. Liao's views on diversion:

- What did the prosecutor inform the court regarding Mr. Liao's wishes for this defendant to be prosecuted?

- Did the District Attorney have an independent mental examination done of the defendant to determine the veracity of any claims made by defense counsel regarding defendant having a diagnosable mental disorder that was a significant factor in him committing his crime?

- Did the District Attorney oppose defendant's application for diversion?  Your April 21st letter mentions that defense counsel requested diversion and that the court granted it.  It omits any mention of your office's position with regard to diversion.

- If the District Attorney did not oppose defendant's application for diversion, was that based in any part upon its mistaken belief that Mr. Liao believed this was acceptable?

- It is my understanding that your office has failed to protect Mr. Liao's rights as a crime victim.  Has your office:

2

- o  Provided Mr. Liao with reasonable notice of all public proceedings?  (Cal. Const. Article I, § 28(b)(7))
- o  Provided Mr. Liao with reasonable notice and an opportunity to confer with the prosecutor before she consented to diversion?  (Cal. Const. Article I, § 28(b)(6))
- o  Ensured that Mr. Liao had an opportunity to be heard when the Court was considering diversion?  (Cal. Const. Article I, § 28(b)(8))

I do not understand your continued reluctance to provide me with a copy of the public filings in this case.  Having them would allow me to inform Mr. Liao of the case details about which your office has failed to keep him informed.  While I anticipate obtaining Mr. Liao's signature sometime tomorrow on the authorization you mentioned, which would allow Victim Services to communicate with me on his behalf, your email suggesting that you cannot provide me with facts about the case in the absence of that release makes no sense.  By its plain language, the release does not address providing an attorney with copies of public filings, as it shouldn't, because those filings are public and not subject to a victim's wishes regarding dissemination.  Further, your claim that your office cannot produce these filings because it would be stymied by the same roadblocks that I have run into as a result of the limited services of the clerk's office seems nonsensical.  Unless your office differs from every prosecutor's office I have worked in or opposed while in private practice, copies of all court filings are maintained in the prosecutor's file.

It may be that you are refusing to provide me with copies of the court filings because you do not want to provide them, and you see no legal obligation to do so.  I do not know that I have a legal right to demand copies of the filings from you, and I can certainly imagine reasons that you would not want to provide them.  However, if the situation is as you suggest—that your office kept Mr. Liao informed as it is required to, that your office did not make any inaccurate representations regarding Mr. Liao to the Court, and that the District Attorney handled the diversion application in an appropriate manner, then my having that information now could reduce the chance for unnecessary disputes that would arise from my having to appear in this matter.

I note your repeated statements about the District Attorney's willingness to meet with Mr. Liao and his family.  One would have hoped for that type of meeting before Mr. Liao's attacker was put in a diversion program.  Offering to meet only after this matter has caused outrage in the community seems of dubious purpose.  I think that Mr. Liao would be only further injured by attending a meeting that offers little more than political glad-handing.  Though, I welcome you to explain how I might be wrong.

---

**From:** Campos, David (DAT) [mailto:david.campos@sfgov.org]
**Sent:** Thursday, April 22, 2021 4:02 PM
**To:** Feuchtbaum, Louis P.
**Cc:** Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT)
**Subject:** [EXTERNAL] RE: Response to your letter re: People v. Ramos-Hernandez

Dear Mr. Feuchtbaum:

This responds to your email from earlier today asking that we produce a number of court filings and documents by close of business today.  As noted in my prior correspondence, because this is still a pending case, we are limited in what we can produce from our file.  We have provided to you the charging documents in this case.  Insofar as you want access to nonpublic information in our possession, as our victim advocate previously indicated to Jackey Liao before we received notice of your representation, in order to protect the rights of the victim in this

3

case, it is our office policy that we receive an authorization for release signed by Mr. Rong Xing Liao before we can share nonpublic information from our file.  A copy of the release was given to Jackey Liao.  My letter to you also enclosed the release form in both English and Chinese.  Additionally, it appears that much of your request involves public court documents.  Those documents are in the court's possession and we would have to request them the same way you would, subject to the same COVID limitations you referenced in your email.

With respect to your request for information about the disposition of this case, including criminal judgments or sentencing, all charges are still pending and thus there is no disposition in the case at this point.  The next court date in the case, April 28, is a progress report, to check on the status of the defendant's programming.  As I noted in my previous letter, Mr. Ramos-Hernandez was referred to mental health diversion at the request of his attorney.  The judge granted that request pursuant to California Penal Code 1001.36, which the California State Legislature passed in 2018 to allow some individuals with mental disorders to receive treatment when they are charged with a crime, with the hope of preventing future victims.  What we know so far is that Mr. Ramos Hernandez has been complying with all court orders and court dates.  He is receiving services and monitoring that we believe are helping to keep the public safe.  Should he fail to comply in any way, we are ready to continue to prosecute the case.

While we know that this does not change the pain that Mr. Liao is experiencing, I once again reiterate that DA Boudin and our office care deeply about crime victims and ensuring that their voices are heard.  This is why our victim advocate repeatedly communicated with Mr. Liao.  Based on those communications, it was our understanding that Mr. Liao understood and had no objection to what was happening in the case following seven months of Mr. Ramos-Hernandez's pretrial incarceration.  DA Boudin asked to meet with Mr. Liao and the family to address any miscommunication or misunderstanding that may have occurred.

We appreciate your advocacy on behalf of Mr. Liao and know that we share the same goal of ensuring that his rights as a victim have been protected.

Respectfully yours,

David Campos

**From:** Feuchtbaum, Louis P. <lfeuchtbaum@sideman.com>
**Sent:** Thursday, April 22, 2021 11:44 AM
**To:** Campos, David (DAT) <david.campos@sfgov.org>
**Subject:** RE: Response to your letter re: People v. Ramos-Hernandez

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

Dear Mr. Campos,

4

Exhibit A, p. 10

I appreciate your response.  I am sure you can understand my concerns regarding the family's reports to me that are contrary to what your office has represented.  I will be following up with Mr. Liao and his family.

I appreciate that you are presently unable to share some information that is personal to the defendant.  However, your letter and its attachments still lack details that would allow me to determine whether Mr. Liao's rights under Marsy's Law have been violated, or what the present posture of the case is.  You provided a copy of the initial criminal complaint and of the information.  However, those documents do not show what, if any, criminal judgments were entered in this matter, nor any sentence or commitment order, nor any court orders relevant to mental health diversion.

I have now made several requests for a copy of the public court filings in this matter, which I believe Mr. Liao is entitled to and, because they are public filings, should not require a release for your office to produce.  I first asked for these filings in my letter to Mr. Huynh, and then in several subsequent emails to Mr. Huynh.  Our filing service has attempted to get these documents from the court clerk's office.  However, reduced operations due to COVID have made it impossible for us to get these public records in any prompt manner.  Could you please have someone in your office send these to me by close of business today?  With the next hearing only a matter of days away, there is simply no time for me to evaluate whether further action is required to protect Mr. Liao's rights.

Given the short timeline, I ask that these files be emailed to me.  If they are too large to be transmitted by email, please let me know and I will have my firm send you a secure file sharing link.



**Louis P. Feuchtbaum**
Partner

**Sideman & Bancroft LLP**
One Embarcadero Center
Twenty-Second Floor
San Francisco, CA 94111
Main:415.392.1960
Fax:  415.392.0827
lfeuchtbaum@sideman.com
Visit us at https://avanan.url-
protection.com/v1/url?o=www.sideman.com&g=NTQ5MTIkMzA2NjE4MDk3Ng==&h=NWZkZjVkZjRkZGYxNT

Please consider the environment before you print this email.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail [or at (415) 392-1960] and delete all copies of this message. It is the recipient's responsibility to scan this e-mail and any attachments for viruses.

**From:** Campos, David (DAT) [mailto:david.campos@sfgov.org]
**Sent:** Wednesday, April 21, 2021 8:58 PM

Exhibit A, p. 11

**To:** Feuchtbaum, Louis P.
**Subject:** [EXTERNAL] Response to your letter re: People v. Ramos-Hernandez

Mr. Feuctbaum,
Attached please find the response to your letter as well as the felony complaint and information for the case against Mr. Ramos-Hernandez. I have also included a release of information for Mr. Liao to sign and return. Thank you.
Sincerely,
David Campos
Chief of Staff
Office of District Attorney Chesa Boudin
<20210423094107525.pdf>

Exhibit A, p. 12

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE DISTRICT ATTORNEY



Chesa Boudin
District Attorney

**VIA E-MAIL**

April 21, 2021

Louis P. Feuchtbaum
Partner
Sideman & Bancroft LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
lfeuchtbaum@sideman.com

Dear Mr. Feuchtbaum,

I received your email from Victim Service Advocate, Peter Huynh. Your letter addressed him as an Assistant District Attorney, but he is one of our victim advocates. I am responding to this letter and providing the below information based on your representation that you are the attorney for Mr. Rong Xin Lao.

I want to convey on behalf of our office how deeply we care about crime victims and ensuring that their voices are heard and centered. This is a significant part of our work. We also recognize that this is a particularly painful time for members of the AAPI community, who have been victimized by a surge in violence and hate.

In your letter you write, "I understand that the District Attorney has already decided to not prosecute the defendant, without ever consulting Mr. Liao or the family, and that your office also misrepresented to the Court Mr. Liao's wishes regarding this prosecution." That is not true. You also reference an understanding that we did not secure pretrial incarceration of Mr. Ramos-Hernandez. That is also inaccurate.

We in fact have prosecuted Mr. Ramos-Hernandez for serious felony charges (see attached Complaint and Information). He spent approximately seven months in jail—at our request—on these charges. An ADA in our office presented the case at preliminary hearing, where a judge issued holding orders for felony charges. After seven months of incarceration, Mr. Ramos-Hernandez's defense attorney requested that a judge refer him to mental health diversion—an intensive, statutory program, which the judge authorized. It is a state law that allows the judge to authorize—at the judge's discretion—cases appropriate for diversion. Since then, Mr. Ramos-Hernandez has been complying with all court orders at all court dates. He is receiving services and monitoring that we believe are helping to keep the public safe.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE DISTRICT ATTORNEY

Should he not comply in any way, we would still be able to prosecute the case traditionally, as it is still a pending case. For that reason, as well, we must be prudent in what we share publicly as we would not want to jeopardize a case. We are also limited in what we can share about his mental health diagnoses or treatment given health and privacy laws.

During that process, Mr. Huynh repeatedly made contact with Mr. Liao. Of course, given the pandemic, these conversations were not in person, and it now appears that there was a misunderstanding or miscommunication about what Mr. Liao desired. Indeed, we recently saw a letter sent to members of the Board of Supervisors from one of Mr. Liao's family members indicating that they believed there was miscommunication between Mr. Huynh and Mr. Liao. We believed Mr. Liao was supportive of the mental health diversion process. We were not aware of a potential misunderstanding until months later, when Mr. Liao's grandson spoke to the press.

DA Boudin offered a meeting with Mr. Liao precisely because of the alleged miscommunication that occurred. He wants to meet with Mr. Liao with a Cantonese-speaking staff member to ensure there are no more communication gaps and that all of Mr. Liao's questions are answered and addressed.

You also asked about our conversations with Mr. Liao. Again, our office *did* speak with him repeatedly and understood that after Mr. Ramos-Hernandez spent seven months in jail, Mr. Liao felt rehabilitation programming was appropriate. We are deeply troubled by the family's recent frustration and pain and that is why DA Boudin has offered to meet with him.

When recently asked for additional information by Jackey Lao, a member of Mr. Lao's family, Mr. Huynh requested a signed authorization for release pursuant to office policy, which was emailed to Jackey Lao before we received notice of your representation. We have not received the signed release back, which has limited our ability to share information with Mr. Lao's family. We are attaching the release in Chinese as well as in English to this letter, which we will need signed by Mr. Rong Xin Lao before we can share additional information from our file to you. Of course, if using the English form, please ensure that Mr. Lao is advised of the form by a Cantonese interpreter, as we understand that is the language he speaks.

In the interim, I have attached the public Complaint and Information for your review. As I mentioned above, this is still a pending case so we are limited in what else we can share from our file.

DA Boudin is working tirelessly to promote public safety and accountability and to protect vulnerable communities. In doing so, he believes that preventing recidivism is sometimes best accomplished by addressing the root causes of crime to reduce the chance that

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE DISTRICT ATTORNEY

someone reoffends. After seven months of incarceration, Mr. Ramos-Hernandez has been receiving the supervision, services, and treatment that we hope will prevent future victims. This is what the state legislature envisioned when it enacted the mental health diversion statute, and what the judge deemed appropriate when he granted the defense request in this case. We know, though, that this does not change the pain that Mr. Liao has experienced.

If you have any additional questions, please let me know.

Sincerely,

David Campos
Chief of Staff

**Feuchtbaum, Louis P.**

---

| | |
|---|---|
| **From:** | Feuchtbaum, Louis P. |
| **Sent:** | Tuesday, April 27, 2021 9:59 AM |
| **To:** | 'Campos, David (DAT)' |
| **Cc:** | Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT) |
| **Subject:** | RE: Notice of Ex Parte Application in People v. Ramos-Hernandez, Case No. 20002697 |

Thank you for providing this information 4 minutes before my deadline for providing notice.  I trust you will inform Ms. Lute-Koths of this ex parte appearance, especially since you did not provide any contact information for her.  I have already provided notice to the Public Defender's Office, on the belief that the defendant was likely represented by that office.

---

**From:** Campos, David (DAT) [mailto:david.campos@sfgov.org]
**Sent:** Tuesday, April 27, 2021 9:56 AM
**To:** Feuchtbaum, Louis P.
**Cc:** Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT)
**Subject:** [EXTERNAL] RE: Notice of Ex Parte Application in People v. Ramos-Hernandez, Case No. 20002697

Mr. Feuchtbaum,

Kim Lutes-Koths is the assigned ADA and  Sylvia Cediel is the assigned PD in this matter.  With respect to your assertion about Marsy's Law, the San Francisco District Attorney has more than complied with its legal obligations.

David Campos

---

**From:** Feuchtbaum, Louis P. <lfeuchtbaum@sideman.com>
**Sent:** Tuesday, April 27, 2021 9:31 AM
**To:** Campos, David (DAT) <david.campos@sfgov.org>
**Cc:** Marshall, Rachel (DAT) <rachel.marshall@sfgov.org>; Russom, Kelsey (DAT) <kelsey.russom@sfgov.org>; Burke, Robyn (DAT) <robyn.burke@sfgov.org>; Huynh, Peter (DAT) <peter.k.huynh@sfgov.org>
**Subject:** Notice of Ex Parte Application in People v. Ramos-Hernandez, Case No. 20002697

Please provide notice to the prosecuting attorney that on 4/28 at 9:00 a.m., the victim in this case will be appearing in Department 15 *ex parte* to seek an order requesting the court to:

1. Reconsider diversion of the defendant until such time that the victim may be heard, as is his right under Marsy's Law;

2. To issue an order directing the District Attorney to comply with his obligations to the victim under Marsy's Law, and;

3. To direct the District Attorney to produce to the victim copies of all publicly filed documents in this case.

---

**From:** Feuchtbaum, Louis P.
**Sent:** Monday, April 26, 2021 6:30 PM
**To:** 'Campos, David (DAT)'
**Cc:** Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT)
**Subject:** RE: Response to your letter re: People v. Ramos-Hernandez

Exhibit A, p. 16

Could you please provide me with the names and contact information for the assigned prosecutor and for the defense attorney?

I plan to appear ex parte on Wednesday morning to represent Mr. Liao's interests and I would like to give them notice.

Thank you.

---

**From:** Campos, David (DAT) [mailto:david.campos@sfgov.org]
**Sent:** Friday, April 23, 2021 4:02 PM
**To:** Feuchtbaum, Louis P.
**Cc:** Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT)
**Subject:** [EXTERNAL] Re: Response to your letter re: People v. Ramos-Hernandez


Dear Mr. Feuchtbaum,

Thank you for sharing the signed release of Mr. Liao with us.  As a result, we can share that our experienced Victim Services Advocate spoke directly with Mr. Liao eleven times and attempted contact two additional times.

Determining what else we can disclose from our file requires us to conduct a careful review, in consultation with the City Attorney, as there are numerous legal and ethical issues that may be implicated by our release of information in our file regarding this pending criminal case—including but not limited to California Penal Code § 13102 (California Offender Record Information law –also known as CORI), attorney work product privilege, HIPAA, and state privacy laws.

We will contact you when we have an update.

Thank you,

David Campos

Sent from my iPhone


On Apr 23, 2021, at 10:09 AM, Feuchtbaum, Louis P. <lfeuchtbaum@sideman.com> wrote:

> Dear Mr. Campos,
>
> I have attached a copy of the Release, signed by Mr. Liao.  I trust that this will clear up any concerns you've expressed regarding your ability to share information with me and Mr. Liao's family.

> ---
> **From:** Feuchtbaum, Louis P.
> **Sent:** Thursday, April 22, 2021 8:56 PM
> **To:** 'Campos, David (DAT)'
> **Cc:** Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT)
> **Subject:** RE: Response to your letter re: People v. Ramos-Hernandez

Exhibit A, p. 17

Mr. Campos,

I remain concerned with your office's drip process method for keeping a victim, and now his attorney, informed of the case status. My letter to Mr. Huynh requested key information about the case status because the family was not kept informed and was unable to tell me anything more than the bare rudimentary facts regarding the prosecution of Mr. Liao's attacker. In fact, Mr. Liao and his family learned only this past week that the defendant was not being prosecuted, and that his case was instead being handled through a diversion program. Your office's failure to keep the family informed was so complete that they showed up in court on April 14th, believing that the trial was beginning on that date. When they appeared in the courtroom, no one from your office would speak with them, causing Mr. Liao's grandson to go to the clerk's office in an attempt to find someone who could let them know what was going on.

After my repeated communications with your office, I learned from you just yesterday afternoon that the judge has already granted defense counsel's request for diversion in accordance with PC 1001.36 (and I surmise from the 7 month period of pretrial confinement you mentioned, that this decision was made sometime late last summer—but still the family had not been informed of it until now). After my repeated requests for information on the case status, I continue to be drip-fed information, learning just this afternoon the purpose for next week's court appearance, with your office still refusing to provide me with copies of the public court filings, which are not available to me through other means. Remaining unanswered are the following questions that are material to determining the extent to which Mr. Liao's rights under Marsy's Law might have been violated, and to advising Mr. Liao whether he should seek to be heard in court regarding the possible misrepresentations by your office to the court about Mr. Liao's views on diversion:

- What did the prosecutor inform the court regarding Mr. Liao's wishes for this defendant to be prosecuted?

- Did the District Attorney have an independent mental examination done of the defendant to determine the veracity of any claims made by defense counsel regarding defendant having a diagnosable mental disorder that was a significant factor in him committing his crime?

- Did the District Attorney oppose defendant's application for diversion? Your April 21st letter mentions that defense counsel requested diversion and that the court granted it. It omits any mention of your office's position with regard to diversion.

- If the District Attorney did not oppose defendant's application for diversion, was that based in any part upon its mistaken belief that Mr. Liao believed this was acceptable?

- It is my understanding that your office has failed to protect Mr. Liao's rights as a crime victim. Has your office:

  - Provided Mr. Liao with reasonable notice of all public proceedings? (Cal. Const. Article I, § 28(b)(7))
  - Provided Mr. Liao with reasonable notice and an opportunity to confer with the prosecutor before she consented to diversion? (Cal. Const. Article I, § 28(b)(6))
  - Ensured that Mr. Liao had an opportunity to be heard when the Court was considering diversion? (Cal. Const. Article I, § 28(b)(8))

I do not understand your continued reluctance to provide me with a copy of the public filings in this case. Having them would allow me to inform Mr. Liao of the case details about which your office has failed to keep him informed. While I anticipate obtaining Mr. Liao's signature sometime tomorrow on

3

Exhibit A, p. 18

the authorization you mentioned, which would allow Victim Services to communicate with me on his behalf, your email suggesting that you cannot provide me with facts about the case in the absence of that release makes no sense. By its plain language, the release does not address providing an attorney with copies of public filings, as it shouldn't, because those filings are public and not subject to a victim's wishes regarding dissemination. Further, your claim that your office cannot produce these filings because it would be stymied by the same roadblocks that I have run into as a result of the limited services of the clerk's office seems nonsensical. Unless your office differs from every prosecutor's office I have worked in or opposed while in private practice, copies of all court filings are maintained in the prosecutor's file.

It may be that you are refusing to provide me with copies of the court filings because you do not want to provide them, and you see no legal obligation to do so. I do not know that I have a legal right to demand copies of the filings from you, and I can certainly imagine reasons that you would not want to provide them. However, if the situation is as you suggest—that your office kept Mr. Liao informed as it is required to, that your office did not make any inaccurate representations regarding Mr. Liao to the Court, and that the District Attorney handled the diversion application in an appropriate manner, then my having that information now could reduce the chance for unnecessary disputes that would arise from my having to appear in this matter.

I note your repeated statements about the District Attorney's willingness to meet with Mr. Liao and his family. One would have hoped for that type of meeting before Mr. Liao's attacker was put in a diversion program. Offering to meet only after this matter has caused outrage in the community seems of dubious purpose. I think that Mr. Liao would be only further injured by attending a meeting that offers little more than political glad-handing. Though, I welcome you to explain how I might be wrong.

---

**From:** Campos, David (DAT) [mailto:david.campos@sfgov.org]
**Sent:** Thursday, April 22, 2021 4:02 PM
**To:** Feuchtbaum, Louis P.
**Cc:** Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT)
**Subject:** [EXTERNAL] RE: Response to your letter re: People v. Ramos-Hernandez

Dear Mr. Feuchtbaum:

This responds to your email from earlier today asking that we produce a number of court filings and documents by close of business today. As noted in my prior correspondence, because this is still a pending case, we are limited in what we can produce from our file. We have provided to you the charging documents in this case. Insofar as you want access to nonpublic information in our possession, as our victim advocate previously indicated to Jackey Liao before we received notice of your representation, in order to protect the rights of the victim in this case, it is our office policy that we receive an authorization for release signed by Mr. Rong Xing Liao before we can share nonpublic information from our file. A copy of the release was given to Jackey Liao. My letter to you also enclosed the release form in both English and Chinese. Additionally, it appears that much of your request involves public court documents. Those documents are in the court's possession and we would have to request them the same way you would, subject to the same COVID limitations you referenced in your email.

With respect to your request for information about the disposition of this case, including criminal judgments or sentencing, all charges are still pending and thus there is no disposition in

Exhibit A, p. 19

the case at this point.  The next court date in the case, April 28, is a progress report, to check on the status of the defendant's programming.  As I noted in my previous letter, Mr. Ramos-Hernandez was referred to mental health diversion at the request of his attorney.  The judge granted that request pursuant to California Penal Code 1001.36, which the California State Legislature passed in 2018 to allow some individuals with mental disorders to receive treatment when they are charged with a crime, with the hope of preventing future victims.  What we know so far is that Mr. Ramos Hernandez has been complying with all court orders and court dates.  He is receiving services and monitoring that we believe are helping to keep the public safe.  Should he fail to comply in any way, we are ready to continue to prosecute the case.

While we know that this does not change the pain that Mr. Liao is experiencing, I once again reiterate that DA Boudin and our office care deeply about crime victims and ensuring that their voices are heard.  This is why our victim advocate repeatedly communicated with Mr. Liao.  Based on those communications, it was our understanding that Mr. Liao understood and had no objection to what was happening in the case following seven months of Mr. Ramos-Hernandez's pretrial incarceration.  DA Boudin asked to meet with Mr. Liao and the family to address any miscommunication or misunderstanding that may have occurred.

We appreciate your advocacy on behalf of Mr. Liao and know that we share the same goal of ensuring that his rights as a victim have been protected.

Respectfully yours,

David Campos

---

**From:** Feuchtbaum, Louis P. <lfeuchtbaum@sideman.com>
**Sent:** Thursday, April 22, 2021 11:44 AM
**To:** Campos, David (DAT) <david.campos@sfgov.org>
**Subject:** RE: Response to your letter re: People v. Ramos-Hernandez

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

Dear Mr. Campos,

I appreciate your response.  I am sure you can understand my concerns regarding the family's reports to me that are contrary to what your office has represented.  I will be following up with Mr. Liao and his family.

I appreciate that you are presently unable to share some information that is personal to the defendant.  However, your letter and its attachments still lack details that would allow me to determine whether Mr. Liao's rights under Marsy's Law have been violated, or what the present posture of the case is.  You provided a copy of the initial criminal complaint and of the information.  However, those documents do not show what, if any, criminal judgments were entered in this matter, nor any sentence or commitment order, nor any court orders relevant to mental health diversion.

Exhibit A, p. 20

I have now made several requests for a copy of the public court filings in this matter, which I believe Mr. Liao is entitled to and, because they are public filings, should not require a release for your office to produce. I first asked for these filings in my letter to Mr. Huynh, and then in several subsequent emails to Mr. Huynh. Our filing service has attempted to get these documents from the court clerk's office. However, reduced operations due to COVID have made it impossible for us to get these public records in any prompt manner. Could you please have someone in your office send these to me by close of business today? With the next hearing only a matter of days away, there is simply no time for me to evaluate whether further action is required to protect Mr. Liao's rights.

Given the short timeline, I ask that these files be emailed to me. If they are too large to be transmitted by email, please let me know and I will have my firm send you a secure file sharing link.

<image001.png>    **Louis P. Feuchtbaum**
                  Partner

                  **Sideman & Bancroft LLP**
                  One Embarcadero Center
                  Twenty-Second Floor
                  San Francisco, CA 94111
                  Main:415.392.1960
                  Fax: 415.392.0827
                  lfeuchtbaum@sideman.com
                  Visit us at https://avanan.url-
                  protection.com/v1/url?o=www.sideman.com&g=NTQ5MTlkMzA2NjE4MDk3Ng==&h=NWZkZjVkZjRkZGYxNT

Please consider the environment before you print this email.

*********************************************************************

CONFIDENTIALITY
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail [or at (415) 392-1960] and delete all copies of this message. It is the recipient's responsibility to scan this e-mail and any attachments for viruses.

---

**From:** Campos, David (DAT) [mailto:david.campos@sfgov.org]
**Sent:** Wednesday, April 21, 2021 8:58 PM
**To:** Feuchtbaum, Louis P.
**Subject:** [EXTERNAL] Response to your letter re: People v. Ramos-Hernandez

Mr. Feuctbaum,
Attached please find the response to your letter as well as the felony complaint and information for the case against Mr. Ramos-Hernandez. I have also included a release of information for Mr. Liao to sign and return. Thank you.
Sincerely,
David Campos
Chief of Staff
Office of District Attorney Chesa Boudin
<20210423094107525.pdf>

Exhibit A, p. 21

# EXHIBIT B

**Feuchtbaum, Louis P.**

| | |
|---|---|
| **From:** | Feuchtbaum, Louis P. |
| **Sent:** | Tuesday, April 27, 2021 9:59 AM |
| **To:** | 'Campos, David (DAT)' |
| **Cc:** | Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT) |
| **Subject:** | RE: Notice of Ex Parte Application in People v. Ramos-Hernandez, Case No. 20002697 |

Thank you for providing this information 4 minutes before my deadline for providing notice. I trust you will inform Ms. Lute-Koths of this ex parte appearance, especially since you did not provide any contact information for her. I have already provided notice to the Public Defender's Office, on the belief that the defendant was likely represented by that office.

**From:** Campos, David (DAT) [mailto:david.campos@sfgov.org]
**Sent:** Tuesday, April 27, 2021 9:56 AM
**To:** Feuchtbaum, Louis P.
**Cc:** Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT)
**Subject:** [EXTERNAL] RE: Notice of Ex Parte Application in People v. Ramos-Hernandez, Case No. 20002697

Mr. Feuchtbaum,

Kim Lutes-Koths is the assigned ADA and  Sylvia Cediel is the assigned PD in this matter. With respect to your assertion about Marsy's Law, the San Francisco District Attorney has more than complied with its legal obligations.

David Campos

**From:** Feuchtbaum, Louis P. <lfeuchtbaum@sideman.com>
**Sent:** Tuesday, April 27, 2021 9:31 AM
**To:** Campos, David (DAT) <david.campos@sfgov.org>
**Cc:** Marshall, Rachel (DAT) <rachel.marshall@sfgov.org>; Russom, Kelsey (DAT) <kelsey.russom@sfgov.org>; Burke, Robyn (DAT) <robyn.burke@sfgov.org>; Huynh, Peter (DAT) <peter.k.huynh@sfgov.org>
**Subject:** Notice of Ex Parte Application in People v. Ramos-Hernandez, Case No. 20002697

Please provide notice to the prosecuting attorney that on 4/28 at 9:00 a.m., the victim in this case will be appearing in Department 15 *ex parte* to seek an order requesting the court to:

1. Reconsider diversion of the defendant until such time that the victim may be heard, as is his right under Marsy's Law;

2. To issue an order directing the District Attorney to comply with his obligations to the victim under Marsy's Law, and;

3. To direct the District Attorney to produce to the victim copies of all publicly filed documents in this case.

**From:** Feuchtbaum, Louis P.
**Sent:** Monday, April 26, 2021 6:30 PM
**To:** 'Campos, David (DAT)'
**Cc:** Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT)
**Subject:** RE: Response to your letter re: People v. Ramos-Hernandez

Could you please provide me with the names and contact information for the assigned prosecutor and for the defense attorney?

I plan to appear ex parte on Wednesday morning to represent Mr. Liao's interests and I would like to give them notice.

Thank you.

**From:** Campos, David (DAT) [mailto:david.campos@sfgov.org]
**Sent:** Friday, April 23, 2021 4:02 PM
**To:** Feuchtbaum, Louis P.
**Cc:** Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT)
**Subject:** [EXTERNAL] Re: Response to your letter re: People v. Ramos-Hernandez


Dear Mr. Feuchtbaum,

Thank you for sharing the signed release of Mr. Liao with us.  As a result, we can share that our experienced Victim Services Advocate spoke directly with Mr. Liao eleven times and attempted contact two additional times.

Determining what else we can disclose from our file requires us to conduct a careful review, in consultation with the City Attorney, as there are numerous legal and ethical issues that may be implicated by our release of information in our file regarding this pending criminal case—including but not limited to California Penal Code § 13102 (California Offender Record Information law –also known as CORI), attorney work product privilege, HIPAA, and state privacy laws.

We will contact you when we have an update.

Thank you,

David Campos

Sent from my iPhone


On Apr 23, 2021, at 10:09 AM, Feuchtbaum, Louis P. <lfeuchtbaum@sideman.com> wrote:

> Dear Mr. Campos,
>
> I have attached a copy of the Release, signed by Mr. Liao.  I trust that this will clear up any concerns you've expressed regarding your ability to share information with me and Mr. Liao's family.

**From:** Feuchtbaum, Louis P.
**Sent:** Thursday, April 22, 2021 8:56 PM
**To:** 'Campos, David (DAT)'
**Cc:** Marshall, Rachel (DAT); Russom, Kelsey (DAT); Burke, Robyn (DAT); Huynh, Peter (DAT)
**Subject:** RE: Response to your letter re: People v. Ramos-Hernandez

2